BENJAMIN F. CROUSE

*vs.*

STATE OF MARYLAND.

*Statutes: constitutionality; title and subject-matter of Act.
Liquor laws: Carroll County.*

Under section 29 of Article 3 of the Constitution, relating to the subject-matter and title of statutes, there must be unity in the subject-matter in the body of the Act, and it must be described in the title.                              p. 367

But if several sections of the law refer to, and are germane to the same subject-matter described in the title, it is considered as embracing but a single subject, and as satisfying the Constitution in this respect.                        p. 367

The title of a statute is sufficient if it fairly indicates the subject-matter of the enactment; it need not contain an abstract of the Act, nor mention the means or methods by which the purpose of the Act is to be carried into effect.        p. 370

In Chapter 340 of the Acts of 1916, amending Chapter 492 of the Acts of 1914, the title, "providing for the creation by popular vote of anti-saloon territory within Carroll County * * * " is not inconsistent with the provisions in the body of the Act for the submission of the question to the voters of the whole county; and such Act is not rendered unconstitutional because of the failure of the title to give notice of such a feature of the proposed legislation.                 p. 372

A statute must be construed as a whole, and the meaning gathered from a consideration of all the provisions of the Act.
                                          p. 371

Provisions in a statute that do not constitute the subject, but are merely means, methods or machinery for the enforcement of the law, need not be set forth or referred to in the title.

p. 371

Where such provisions are not inseparably connected with the substance of the Act, but are separate and independent of it, their validity need not be passed upon until the question is raised by one whose rights have been affected thereby.    p. 371

*Decided February 16th, 1917.*

Appeal from the Circuit Court for Carroll County. (FORSYTHE, JR., J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, PATTISON URNER, STOCKBRIDGE and CONSTABLE, JJ.

*James A. C. Bond* and *Francis Neal Parke,* for the appellant.

*Albert C. Ritchie, the Attorney General* (with whom were *William L. Seabrook, State's Attorney for Carroll County, Edward O. Weant* and *Theo. F. Brown,* on the brief), for the appellee.

BURKE, J., delivered the opinion of the Court.

The appellant in this case was indicted, tried and found guilty in the Circuit Court for Carroll County for the violation of the anti-saloon law of that county, being the Act of 1914, Chapter 492, as amended by the Act of 1916, Chapter 340, and was adjudged to pay a fine of twenty dollars and costs, and stand committed to the custody of the Sheriff of Carroll County until the fine and costs are paid, or be discharged in due course of law. The appeal before us was

taken from that judgment. The appellant filed a demurrer
to the indictment and to each count thereof, which was over-
ruled. The indictment contained three counts, but the State
abandoned the second count. The appellant reserved an ex-
ception to the action of the Court in permitting the State to
prove the sale of intoxicating liquor, as charged in the indict-
ment. The demurrer was interposed and the exception re-
served for the purpose of raising the single question presented
by this record, viz., the constitutionality of the law. It was
contended with great earnestness by counsel for the appel-
lant that the law is invalid because it contravenes that pro-
vision of section 29, Article 3 of the Constitution, which de-
clares that: "Every law enacted by the General Assembly
shall embrace but one subject, and that shall be described in
its title." In the presentation of their objections to the Act,
counsel indulged in a wide range of discussion, but the legal
question presented is a narrow and familiar one, and, we
think, is not difficult of solution. The Court must approach
the consideration of the questions here presented in the light
of well established principles. The section of the Constitu-
tion quoted deals with two things: *first,* the subject of the
enactment, and, *secondly,* its title. The first must be single,
and the second must describe the subject. It was said in
*Fout* v. *Frederick County,* 105 Md. 545, that: "The gen-
eral disposition of the Courts has been to give a liberal con-
struction to this provision of the Constitution, rather than to
embarrass legislation by a construction whose strictness is
unnecessary to render effective the purposes for which it was
adopted. It is stated by Judge Cooley that the general pur-
pose of this provision of the Constitution is accomplished
when the law has but one general object, which is fairly indi-
cated in its title; and that to require every end and means
necessary or convenient for the accomplishment of this gen-
eral object to be provided for, by a separate Act relating to
that alone, would be not only unreasonable, but would ren-
der legislation impossible. This Court has had occasion to

pass so frequently upon this provision of the Constitution that its purpose and meaning may be assumed to be well understood and thoroughly well settled. The difficulty in this, as in other cases, is found to exist in the application of the settled rule to the particular case. There must be unity in the subject-matter of the Act, but 'if the several sections of the law refer to and are germane to the same subject-matter, which is described in its title, it is considered as embracing but a single subject, and as satisfying the requirements of the Constitution in this respect.' *Baltimore City* v. *Reitz,* 50 Md. 579. The title is sufficient if it fairly *indicates* the subject-matter of the enactment. These rules of construction have been stated and applied by this Court in every case in which it has been called upon to consider this section of the Constitution, from the case of *Davis* v. *The State,* 7 Md. 151, decided in 1854, in which the question was before the Court for the first time, to the case of *Baltimore City* v. *Flack et al.,* 104 Md. 107, decided October 4, 1906, and in all of the cases it is held that the title need not contain an abstract of the Act; nor mention the means or methods by which it is to be carried into effect; nor will an Act of a general nature be declared obnoxious to this clause of the Constitution, unless there be engrafted upon it some subject of a private or a local character, or unless two or more dissimilar and discordant subjects be legislated upon in the same law. If foreign, irrelevant, or discordant subjects are introduced, they will be rejected, if other sections of the law can stand without them."

In *State* v. *Norris.* 70 Md. 91, JUDGE ALVEY, speaking of the title of an Act, said: "The objects designed to be attained by the constitutional provision are two-fold: The first is to prevent the combination in one Act of several distinct and incongruous subjects, and the second is, that the Legislature and the people of the State may be fairly advised of the real nature of pending legislation. All titles of Acts, therefore, should be so framed as to accomplish these objects.

But we regret to say that, in practice, a strict observance of the terms of the Constitution has not always marked our legislation in this respect. Many Acts are passed, and often of great importance, the titles of which are exceedingly deficient in definite and clear description of the subject-matter of the Act. But this Court has ever been reluctant to defeat the will of the Legislature by declaring such legislation void if, by any construction it could possibly be maintained." We said in *Painter* v. *Mattfeldt*, 119 Md. 466: "Every presumption favors the validity of the statute; it can not be stricken down as void unless it plainly contravenes some provision of the Constitution; a reasonable doubt as to its constitutionality is sufficient to sustain it, and the party assailing the Act must point out the special provision of the Constitution to which it is obnoxious." * * * "A statute may be good in part, while other parts are invalid. If a portion be unconstitutional, the Court is not authorized, for that reason, to declare the whole void.' *State* v. *Davis*, 7 Md. 151. In *Commonwealth* v. *Hitchings*, 5 Gray, 482, where the same rule of construction was adopted, the Court said: 'The constitutional and unconstitutional provisions may even be contained in the same sections, and yet be perfectly distinct and separable, so that the first may stand, though the last fall. The point is, not whether they are contained in the same section, for the distribution into sections is purely artificial, but *whether they are essentially and inseparably connected in substance.*'"

In *People* v. *McBride*, 234 Ill. 146, in which the constitutionality of the local option act of 1907 was sustained, the Court said: "The rule of law is, that an investigation like this, concerning the constitutionality of an act of the Legislature, begins with the presumption that the act is valid. All doubts or uncertainties arising either from the language of the constitution or the act must be resolved in favor of the validity of the act, and the Court will only assume to declare it void in case of a clear conflict with the Constitution. The

duty of the Court is to so construe acts of the Legislature as
to uphold their constitutionality and validity if it can rea-
sonably be done, and if their construction is doubtful the
doubt will be resolved in favor of the law." * * * "If the sub-
ject is not expressed in the title or if the act embraces more
than one subject the act will be void, and in this act the crea-
tion and abolition of anti-saloon territory is expressed in the
title and covered by the body. In deciding the question
whether the act embraces more than one subject we are to be
governed by certain well established rules. The only pur-
pose of the provision of the Constitution is to prevent the
joining in one act of incongruous and unrelated matters, and
the word 'subject' is not synonymous with 'provision.' Any
number of provisions may be contained in an act, however
diverse they may be, so long as they are not inconsistent with
or foreign to the general subject and may be considered in
furtherance of such subject. The requirement that an act
shall embrace but one subject is not intended to hamper the
Legislature or embarrass honest legislation, but it is intended
to prevent incorporating in an act matters not related to the
subject of legislation and of which the title gives no hint.
An act may contain many provisions and details for the ac-
complishment of the legislative purpose, and if they legiti-
mately tend to effectuate that object the act is not contrary
to the constitutional provision. *Manchester* v. *People,* 178
Ill. 285, 52 N. E. 964; *Meul* v. *People,* 198 Ill. 258, 64 N.
E. 1106. The constitutional prohibition against more than
one subject not being directed against the title but against
the act itself, the question now being considered is to be
determined by the body of the act, and there is in the act but
one general subject. That subject is the determination by
the legal voters of a certain district whether the sale of intox-
icating liquors shall be prohibited therein." The title to that
act, which appears to have been the model of proposed local
option, or anti-saloon state wide legislation in this State, was:
"An act to provide for the creation by popular vote of anti-
saloon territory within which the sale of intoxicating liquor

and the licensing of such sale shall be prohibited, and for the abolition by like means of territory so created." The Court held, as we have seen, that the act, which was passed in conformity to its title, embraced but one subject. Many of the provisions of the Illinois Act are incorporated in the law under consideration, but the title is somewhat different and this difference in title gives rise to the only real question in the case, for, as we understand the law, the decision in the *McBride Case, supra,* upon sound reason and in harmony with the cases in our own Court, establishes the unity of the subject of the act.

The title, whilst it must indicate the purpose, need not give an abstract of the contents of the act; nor need it mention the means and methods by which the general purpose is to be accomplished. *Catholic Cathedral* v. *Manning,* 72 Md. 116; *Scharf* v. *Tasker,* 73 Md. 378; *Drennen* v. *Banks,* 80 Md. 310; *Whitman* v. *State,* 80 Md. 410; *Baltimore* v. *Flack,* 104 Md. 107.

We can have no doubt that it was the intention of the Legislature to submit to the qualified voters of Carroll County the decision as to whether the sale of intoxicating liquors should be prohibited therein. The first section contains definitions of certain words and phrases used in the act, among these are the words "Anti-Saloon Territory" which are defined to mean "All territory within the limits of Carroll County." It further provides that the question submitted shall be: "Shall this County become anti-saloon territory?" By the ninth section it is provided that the proposition shall be: "Shall this county continue to be Anti-Saloon Territory?" Sections 2, 4, 5, 6, 7, 10, 11, 12, 13, 14, 15 and 24, provide for the submission of the question to the popular vote of the county, the ascertainment and proclamation of the result of the election, when the law, if adopted, shall become operative, the imposition of penalties for the violations of the provisions of the act, etc. All of these provisions make it perfectly clear that the Legislature intended to submit the question to the voters of the entire county, notwithstanding certain expres-

sions in the ninth and twentieth sections which, if those sections stood alone, it might be well argued that the vote was to be confined to territorial sub-divisions of the county. But the construction must be upon the whole act. The meaning must be gathered from a consideration of all the provisions of the Act. "The cardinal rule in the construction of a statute is to ascertain the intention of the Legislature as it is expressed in the words of the statute, and for this purpose the whole act must be considered together." *Mitchell* v. *State,* 115 Md. 360; *Healey* v. *State,* 115 Md. 377; *Purnell* v. *State Board of Education,* 125 Md. 266. And "the real intent when ascertained will always prevail over the literal sense of the language." *Cutty* v. *Carson,* 125 Md. 25; *Brenner* v. *Brenner,* 127 Md. 189.

It is contended that section 16 which grants additional authority to the County Commissioners of Carroll County, and certain paragraphs of section 23, which impose the duty upon the Judges of the Circuit Court for Carroll County to issue a search warrant under the conditions prescribed by the act, and certain other provisions of that section which authorizes the seizure and·destruction of intoxicating liquor under the circumstances specified in the act are unconstitutional, and a violent attack has been made upon these provisions.

These provisions do not constitute the subject, or a portion of the subject of the act,—they are merely means, or methods, or machinery provided for the vigorous and effective enforcement of the law. They are not inseparably connected with the substance of the act. They are separate and independent provisions, and, if we should hold with the appellant that they are invalid, we would not be justified, under the authorities cited, in striking down the entire act. The appellant has not been injured by them, and it will be time enough to pass upon them when their validity is questioned by one whose rights have been affected.

There remains for consideration the sufficiency of the title of the act. Its title is: "An Act to provide for the creation, by popular vote, of anti-saloon territory within Carroll Coun-

ty, within which, except as herein provided, the sale of intoxicating liquor and the licensing of such sale shall be prohibited; for the enforcement of such prohibition in such territory; and for the abolition by like means of the territory so created." The contention of the appellant is that this title describes an act for the creation, by popular vote, of anti-saloon territory in the various territorial sub-divisions of Carroll County,—not an act for the submission of the question to the voters of the whole county, and since the act provided for the submission of the question to the entire county and not to the voters of the various territorial sub-divisions of the county, the title does not describe the subject of the act, as required by the Constitution, and for this reason is unconstitutional. The argument in support of this construction is based largely upon the words "within Carroll County" appearing in the title. The title, it is to be observed, does not state that the vote was to be taken within territorial sub-divisions of the county, and the act does not so provide. The language used is susceptible of a meaning that brings the title into harmony with the constitutional provision. The title, in our opinion, was sufficient, under the authorities to which we have referred, to give notice of the proposed legislation.

It follows from the views that we have expressed that the act under which the appellant was indicted is valid, and that being the only question in the case the judgment will be affirmed.

*Judgment affirmed. with costs.*