THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CHARLES SCHMIDT, Appellant.

First Department, June 24, 1927.

Crimes — unlawful possession of firearms in violation of Penal Law, § 1897 — air pistol is not " firearm."

The defendant was improperly convicted of the crime of unlawfully possessing a " firearm " in violation of section 1897 of the Penal Law, since the proof established merely that he was in possession of an air pistol. An air pistol is not a " firearm " within the meaning of said section.

APPEAL by the defendant, Charles Schmidt, from a judgment of the Court of Special Sessions of the City of New York, rendered on the 20th day of December, 1926, convicting him of the crime of illegally possessing a firearm in violation of section 1897 of the Penal Law.

*Robert C. Rand* of counsel [*William Travers Jerome* with him on the brief; *Jerome & Rand,* attorneys], for the appellant.

*Edwin B. McGuire, Deputy Assistant District Attorney,* of counsel [*Joab H. Banton, District Attorney*], for the respondent.

McAVOY, J. The information in the first count charged that the defendant, being over sixteen years of age, on May 25, 1926, in the city of New York, unlawfully had in his possession a certain pistol which might be concealed upon the person without a written license therefor. In the second count it was charged that the defendant at the same time and place had and carried concealed upon his person a certain pistol without a license therefor, and both counts were charged as being violations of section 1897 of the Penal Law.

The only offense for which the defendant could have been convicted was the possession of a " pistol, revolver or other firearm of a size which may be concealed upon the person, without a written license therefor," as contained in the 4th subdivision of section 1897 of the Penal Law (as amd. by Laws of 1921, chap. 297), and the question of whether the pistol in question is a dangerous or deadly weapon could not have been the basis of the conviction in the court below and, therefore, is not raised by this appeal.

Upon the trial the pistol itself was received in evidence, and either the pistol offered below or one identically the same has been presented to this court as an exhibit. The operation of the pistol was described, but not very clearly, by the officer who said it was operated by compressed air, and that the air was compressed

First Department, June, 1927. [Vol. 221

by mechanical power and not by any explosion or ignition of gunpowder or anything of that nature. An expert on firearms testified that in his opinion the pistol was not a firearm but an " air pistol."

The balance of the testimony concerned the effect of the projectile when fired from the pistol, and in our opinion was irrelevant upon the question of whether the pistol was a firearm.

The defendant's motion to dismiss was denied and the defendant found guilty, one justice dissenting.

Under the familiar doctrine of *noscitur a sociis*, when particular words are followed by general words, the particular words are presumed to describe certain specific things, persons or places, and the general words are used to include specific persons, places or things of the same nature.

The general principle applicable to all questions of construction involved in criminal cases must be followed that penal statutes must be construed strictly in favor of the defendant. (*People ex rel. McAllister* v. *Duplan Silk Corp.*, 208 App. Div. 435, 438; *People* v. *Foster*, 204 id. 295, 301; affd., 236 N. Y. 610.)

That a " firearm " necessarily connotes the action of a chemical explosive such as gunpowder, which action is in the nature of combustion of some sort in a weapon, is doubtless the commonly accepted usage. The definition of a firearm commonly given is: " A firearm is a weapon which acts by the force of gunpowder." (40 Cyc. 852.) In the Supreme Court of Alabama in the case of *Atwood* v. *State* (53 Ala. 508) a statute reading " a pistol, or firearms of any description," was construed as referring to " a weapon acting by the force of gunpowder." " A pistol," said the court, " is a small, light firearm."

In *Harris* v. *Cameron* (81 Wis. 239), in describing an air gun, the court said (on p. 242): " The power is air pressure, which is forced into a small space in the small barrel by a plunger; and by a movement of the trigger the compressed air escapes outwardly, and forces out the shot with considerable force." In holding that such a weapon was not to be described as a firearm, the court said: " These prohibited pistols or revolvers must be firearms — that is, ' weapons which act by the force of gunpowder.' The air gun or pistol is not prohibited. The air gun is not a gun or a weapon in the above signification of the words; but called a ' gun,' imitative only of a real gun."

As was said by the Court of Appeals in the case of *Cooper-Snell Co.* v. *State of New York* (230 N. Y. 249, 255): " One of the cardinal rules to be applied in construing statutes is that they are to be read according to the natural and obvious import of their language

without resorting to a subtle or forced construction either limiting or extending their effect."

Under this principle it is doubtless true that the usual and customary meaning of the word " firearm " does not include an air pistol.

The judgment should be reversed, the information dismissed, and the defendant discharged.

FINCH, MERRELL, MARTIN and PROSKAUER, JJ., concur.

Judgment reversed, the information dismissed, and defendant discharged. Settle order on notice.