WILLIAM COOK *v.* HARRIET W. HOWARD ET AL.
[No. 37, January Term, 1928.]

*Decided April 4th, 1928.*

8

██ 

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Robert R. Carman* and *J. Purdon Wright,* with whom was *John B. Deming* on the brief, for the appellant.

*Charles Markell,* with whom was *Daniel R. Randall* on the brief, for the appellees.

URNER, J., delivered the opinion of the Court.

The subject of inquiry on this appeal is the authority of the board of zoning appeals of the City of Baltimore to entertain an appeal by neighboring property owners from the action of the buildings engineer in granting, with the approval of the mayor, a permit for the use of a building as an undertaker's establishment. The answer to the inquiry depends upon the proper interpretation of City Ordinance No. 825, approved October 1st, 1926. Sections 3 and 4 of the ordinance contain provisions that no building shall be erected, nor its existing use changed, for any purpose which, because of the particular location of the property, or the nature of the proposed use, "would create hazards from fire or disease, or would menace the public security, health or morals," and that "no building or structure shall be erected, nor shall the existing use of land, buildings or structures in the City of Baltimore be changed without a permit issued by the bureau of buildings and signed by the buildings engineer," and that before such a permit shall be issued, "application in writing by the owner * * * shall be made therefor to the buildings engineer," who shall immediately give public notice of the application by the method and for the time which the ordinance prescribes. It is further provided, in section 4: "The buildings engineer shall grant permits unless the proposed use of buildings or structures, or changes of use, would create hazards from fire or disease or would menace the public security,

health or morals," and in determining such questions the buildings engineer, and the board of zoning appeals, in reviewing his action, are directed to consider: "(a) The character and use of buildings and structures adjoining or in the vicinity of the property mentioned in the application; (b) the number of persons residing, studying, working in or otherwise occupying buildings adjoining or in the vicinity of the property mentioned in the application; (c) the location, kind and size of surface and sub-surface structures in the vicinity of the property mentioned in the application, such as water mains, sewers, and other utilities; (d) traffic conditions; (e) materials of a combustible, explosive or inflammable nature to be sold, stored or kept on the premises." The ordinance authorizes "any applicant or interested persons dissatisfied with any decision, determination or order of the buildings engineer under sections three and four," to appeal to the board of zoning appeals, which, after notice of the hearing, is empowered to affirm, reverse or modify the order or decision under review. Specifically exempted from the ordinance are proposed uses of property for residence purposes exclusively, if no hazard from fire or disease or menace to public health, morals or safety would be thereby created.

The application with which we are concerned in this case was for a permit to change the use of a building to other than residence purposes, and was therefore within the terms of the sections to which we have referred. But the permit is desired for a business which is one of a class of property uses listed in section 2 of the ordinance in connection with a provision that no permit shall be given by the buildings engineer for the erection, or conversion of use, of a building for any of the purposes specified in that section, without the approval of the mayor, who shall, if he approves the application, impose such "regulations regarding the location" of the building as may be necessary in his judgment to "safeguard the interests of the public." Because of that provision, and of the fact that the approval of the mayor was obtained in this instance, it was supposed by the board of zoning appeals that the case was excluded from the opera-

tion of section 4 conferring the right of appeal. Upon that ground the board refused to hear the appeal of objecting property owners from the action of the buildings engineer in issuing the permit. A mandamus suit was then brought in the Superior Court of Baltimore City by the opponents of the permit to require the board of zoning appeals to hear their appeal from the order of the buildings engineer, and to determine whether the permit could be issued and used consistently with the designated public interests which the ordinance was intended to protect. A demurrer to the answer of the defendants was sustained, and no material issue of fact being involved, nor any leave to plead further being desired, the court below directed the writ of mandamus to be issued as prayed. From that order the applicant for the permit, who was allowed to intervene in the suit, has appealed.

There are certain uses mentioned in section 1 of Ordinance 825 which can be authorized, as therein provided, only by special ordinances enacted by the mayor and city council. For the uses specified in section 2, as already noted, the mayor's approval is required. As provided in section 4, all permits for the construction or altered use of property in Baltimore for other than residence purposes are issuable by the buildings engineer. He is required by the ordinance to issue permits on application unless the proposed use would be inimical to the public safety, health or morals, or is one of the uses listed in the first two sections, in which event he cannot issue the permit, unless it is authorized by special ordinance when section 1 governs, or without the approval of the mayor when section 2 applies. In the absence of the mayor's approval, as to the uses designated in section 2, which include undertaking establishments, the buildings engineer could not grant a permit even for a property use which he considered clearly free of objection in the location proposed. But, as that section referred to a number of enterprises in regard to the location of which it was considered desirable to afford the public a safeguard independently of the protection provided in the subsequent sections of the ordinance, it was directed that, before permits for such uses

could be issued by the buildings engineer, the approval of the mayor must be procured. That provision, however, does not exclude the industries named from the terms of sections 3 and 4, providing for a hearing before the buildings engineer, and an appeal from his decision to the board of zoning appeals, in the case of any application for a new or changed property use permit by which the public security, morals or health might be injuriously affected.

It is necessary in the construction of the ordinance to consider its various sections as being designed to have consistent operation. While the provisions of sections 1 and 2, and those bearing the subsequent numbers, were previously in force as separate ordinances, they have since been combined in the single ordinance now under interpretation. The meaning and effect of the provisions must therefore be construed with due regard to the fact that they are now consolidated in one enactment. *Barron v. Zimmerman,* 117 Md. 296; *Reese v. Starner,* 106 Md. 53; *Mertens v. Moore,* 108 Md. 636; *Overton v. Harrington,* 126 Md. 32; *Crouse v. State,* 130 Md. 364. The scope of sections 3 and 4 would be greatly reduced if held not to include the thirty-one property uses classified in section 2. But the applicability of the later section is not affected by an interpretation that the uses which it defines are also within the purview of sections 3 and 4. While that construction would recognize the right of interested persons to appeal to the board of zoning appeals from the unfavorable action of the buildings engineer on a request for a permit to devote property to any of the uses specified in section 2, it would not affect the provision that without the approval of the mayor no such application shall be granted. It is not required by section 2 that a permit shall be issued as the inevitable effect of the mayor's approval, but it is simply provided that without such approval the request for the permit shall be refused. The veto power thus conferred is not equivalent to affirmative and final authority to direct a permit to be issued. It is only a special administrative check, provided as to the designated classes of property uses, in order that the public interests defined in the ordinance may

be more effectively guarded. There is no express indication in the ordinance, and no necessary implication in its provisions when considered as a whole, of an intent that the mayor's approval should relieve the buildings engineer of the exercise of any judgment upon the question presented, or should exempt his action from the right of appeal so comprehensively given to any interested persons dissatisfied with any of his orders or decisions upon such applications. In regard to section 1 of the ordinance, it should be observed that the action of the mayor and city council in granting permission by special ordinance for the use of property for a purpose designated in that section would have the effect of a final determination of the question, because the authority thus exerted is identical with that by which the general ordinance was adopted.

In our opinion the court below correctly ruled that the board of zoning appeals is authorized to entertain the appeal to which the petition for mandamus in this case refers.

In the case of *Osborne v. Grauel,* 136 Md. 88, cited in the appellant's brief, the mayor of Baltimore had disapproved an application for a building permit under an ordinance which is substantially reproduced in section 2 of the ordinance now under consideration. A suit for mandamus to compel the issuance of the permit was directed against the building inspector alone, and in deciding against the plaintiffs on the ground that the disapproval of the application by the mayor was not an arbitrary act, but a legitimate exercise of authority, this court said that the mayor should be joined with the building inspector as a defendant. In no respect is that decision contrary to the theory upon which our present conclusion is based.

It is argued in the appellant's brief that, as his answer denied the allegation in the petition that the property use for which he desired a permit would create hazards from fire or disease and would menace the public security, health or morals, the court below erred, after sustaining a demurrer to the answer, in ordering the writ of mandamus to issue on the ground that no material question of fact had been raised.

The question whether the public health, safety or morals would be menaced by the property use mentioned in the pleadings is an issue for the board of zoning appeals to determine. It is not a subject of adjudication in the pending mandamus suit. There is no question of fact upon which a decision in this case is required.

*Order affirmed, with costs.*