The People of the State of New York on the Complaint of Officer George O'Connell, Plaintiff, *v.* Joseph Flanagan, Defendant.

Magistrates' Court, City of New York, First District, Borough of Manhattan, September 29, 1934.

*LeRoy Mandel, Assistant Deputy District Attorney,* for the plaintiff.

*Joseph Barron,* for the defendant.

Aurelio, City Magistrate. The complaint herein charges that the defendant did violate the provisions of section 106, subdivision 2, of the Alcoholic Beverage Control Law of this State (Laws of 1934, chap. 478), in that he did keep in the premises in question a number of bottles of liquor, none of which had affixed thereto the labels required by the rules of the liquor authority and the necessary Federal revenue and New York State excise stamps.

The evidence shows that on September 22, 1934, the arresting officer purchased from the defendant one-half pint of liquor for which he paid the defendant the sum of twenty-five cents. A license has been duly issued to the owner of the premises, one Sidney

Silverstein, to sell wines, liquor and beer at retail for consumption on the premises. There is no dispute that the defendant is only an employee in the licensed premises.

Subdivision 2 of section 106, aforesaid, provides:

" § 106. Provisions governing licensees to sell at retail for consumption on the premises. * * *

" 2. No retail licensee for on-premises consumption shall keep upon the licensed premises any liquors and/or wines in any cask, barrel, keg, hogshead or other container, except in the original sealed package, containing quantities not to exceed one quart each of liquor or fifteen gallons each of wine, as received from the manufacturer or wholesaler. Such containers shall have affixed thereto such labels as may be required by the rules of the liquor authority, together with all necessary federal revenue and New York state excise stamps, as required by law."

Subdivision 18 of section 3 of said law defines a " licensee " as " Any person to whom a license has been issued pursuant to this chapter." This definition admits of but one construction. It means the person to whom the license has been issued and no one else.

There is nothing in the law (Laws of 1934, chap. 478), making any of the provisions of section 106 applicable to a person other than the licensee.

Applying the general rule of law that a criminal statute must be strictly construed in favor of the defendant (*People* v. *Schmidt*, 221 App. Div. 77) the complaint must be dismissed and the defendant discharged.

A second complaint arising out of the same arrest charges the defendant with selling liquor for off-premises consumption in violation of subdivision 3 of said section 106. This subdivision provides:

" 3. No retail licensee for on-premises consumption shall sell, deliver or give away, or cause or permit or procure to be sold, delivered or given away any liquors and/or wines for consumption off the premises where sold."

Again it will be noticed that the section deals with the " licensee " only. Therefore, for the reasons already stated this complaint must also be dismissed and the defendant discharged.