## FOWEL *v.* STATE

[No. 55, October Term, 1954.]

102

The cause was argued before BRUNE, C.J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Edward C. Bell, Jr.*, with whom were *Green, Babcock & Bell*, on the brief, for the appellant.

*James H. Norris, Jr.*, Assistant Attorney General, with whom were *Edward D. E. Rollins*, Attorney General, *W.*

*Giles Parker,* Assistant Attorney General, and *Robert T. Barbour,* State's Attorney for Charles County.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from a conviction for violating the liquor laws, Code, 1951, Article 2B, Section 118; and Code 1951, Article 2B, Section 93, as amended by Chapter 119 of the Acts of 1953.

The facts of the case are in part as follows. The appellant, Redge Fowel, was indicted under two counts, the first charging him on May 16, 1954, with unlawfully placing "curtains and unlawfully permitting curtains to be placed over windows in a room where alcoholic beverages were sold at the premises in said Charles County known as 'The Lake', so as to prevent persons on the outside from being able to observe the interior of the premises." The second count charged him on May 15, 1954, with unlawfully failing "to close at midnight the bar and room where alcoholic beverages are sold in the premises known as 'The Lake'."

Section 118, *supra,* provides as follows:

"In Charles County no licensee shall be permitted to sell any alcoholic beverages except in a room having one or more plain glass windows or doors so as to enable persons standing on the outside to observe the interior of the premises at all hours, and no curtain, blind, screen or other obstruction shall be placed before such windows or doors. Any person violating any of the provisions of this section shall be deemed guilty of misdemeanor and upon trial and conviction shall be subjected to a fine of not less than Fifty Dollars nor more than Two Hundred and Fifty Dollars, or may be confined in the County Jail or in the House of Correction for not less than sixty days."

Section 93, *supra,* as amended, provides:

"In Charles County, notwithstanding any other provisions of this subtitle, it shall be un-

lawful for any licensee under the subtitle to sell liquors on the Sabbath Day commonly called Sunday, nor shall any liquors be sold by any licensee between the hours of 12 midnight and 6 o'clock A. M. But this section shall not prevent the sale of any wine, beer or other spirituous, or fermented beverages containing less than 8% alcohol by volume, on any day including Sunday, or at any time except between the hours of 12 midnight and 6 o'clock A. M. The room or bar where alcoholic beverages are sold or displayed shall be closed at midnight, and all bottles and containers used in dispensing alcoholic beverages must be removed from the tables on or before 1:00 A. M. Any person violating any of the provisions of this section shall be deemed guilty of a misdemeanor and upon trial and conviction shall be subjected to a fine of not less than fifty dollars ($50.00) nor more than two hundred and fifty dollars ($250.00), or may be confined in the county jail or in the House of Correction for not less than sixty days."

The testimony shows that on the dates alleged these sections were violated at the Lake Restaurant in Charles County, the licenses for which were issued in the name of John R. Knott, who owned a fifty-one percent interest in the business. Appellant was the lessee and manager of the restaurant and was in charge of it at the time the offenses were committed. Apparently Knott was out of the State at the time of the offenses and at the time of the trial.

At the end of the State's case, the appellant made a motion for a directed verdict on the ground that he was merely a lessee of the premises and not the licensee. This motion was denied. At the end of the whole case a similar motion was made and denied. The trial judge, in his charge to the jury, stated in part that the word "licensee" in the two sections aforesaid meant not only

the licensee but whoever was in charge of the premises at the time the crimes specified in the statutes were committed. Appellant claims that, as he was not the holder of any alcoholic beverage license, the trial judge should have directed a verdict for him.

The State relies on the case of *Carroll v. State,* 63 Md. 551, 3 A. 29, in which this Court held that where the agent violates the law in dispensing liquors to purchasers, the principal is chargeable with the agent's violation. However, that case does not hold the converse, that the agent is criminally liable for violations chargeable only to the licensee. The State further contends that the words "any person" used in the last sentences of Sections 118 and 93, *supra,* make the appellant liable for the violations here.

Code, 1951, Article 2B, Section 2(j), provides under "Definitions":' " 'License holder' or 'Licensee' means the holder of any license, issued under the provisions of this Article or of any other law of this State, and includes a County Liquor Control Board and a county dispensary." It was said in *Maguire v. State,* 192 Md. 615, 623, 65 A. 2d 299: "Adherence to the meaning of words does not require or permit isolation of words from their context." See also *Crouse v. State,* 130 Md. 364, 371, 100 A. 361; *Kolb v. Burkhardt,* 148 Md. 539, 129 A. 670; *Pittman v. Housing Authority,* 180 Md. 457, 463, 464, 25 A. 2d 466; *Lohr v. River Commission,* 180 Md. 584, 26 A. 2d 547; *Smith v. Higinbothom,* 187 Md. 115, 131, 48 A. 2d 754; *Crider v. Cullen,* 191 Md. 723, 728, 63 A. 2d 618.

Where the statutory language is plain and free from ambiguity and so expresses a definite and sensible meaning, that meaning is conclusively presumed to be the meaning which the Legislature intended. The courts are not at liberty to surmise the legislative intention to be contrary to the words and letters of the statute, or to insert or delete words with a view of making the statute express an intention which is different from its plain meaning. *Mitchell v. State,* 115 Md. 360, 365, 80 A. 1020; *Baltimore v. Deegan,* 163 Md. 234, 238, 161 A. 282; *Tull*

*v. Fitzgerald,* 167 Md. 429, 433, 175 A. 216; *Roach v. Jurchak,* 182 Md. 646, 652, 35 A. 2d 817. The case of *Wimpling v. State,* 171 Md. 362, 370, 189 A. 248, was one in which the appellant was indicted for the crime of statutory arson. The Court there said: "It was within the power of the Legislature to define the crime of unlawfully burning property, and to designate the crime defined by it by such name or title as it deemed appropriate, and this court is bound by its language. In the absence of anything to indicate a contrary intent, it must be assumed that the words used have the meaning naturally given them in ordinary usage, for if the language used is plain and unambiguous there is no room for construction." It was said in *Cearfoss v. State,* 42 Md. 403, 407: "Where clear words are used, to indicate the purpose, there is no necessity to resort to other aids. *Beall v. Harwood,* 2 H. & J. 167. No man incurs a penalty unless the act which subjects him to it, is clearly, both within the spirit and letter of the statute. Things which do not come within the words are not to be brought within them by construction. The law does not allow of constructive offenses or of arbitrary punishment." *Williams v. State,* 144 Md. 18, 22, 123 A. 457.

If the Legislature had intended that the words "any person" used in the last sentences of Sections 118 and 93, *supra,* meant any clerks, agents, employees, and servants of the licensee, it could have inserted such words in the statute. As pointed out by the appellant, Article 2B, Section 66 (a) provides that any license issued under that article must be revoked or suspended on (1) conviction of the licensee for violation of any of the provisions of that article or (4) for two or more convictions of one or more of the clerks, agents, employees, and servants of a licensee. The Legislature, therefore, evidently did not consider that a violation by a licensee constituted a violation by an employee. There are several sections in Article 2B which provide that it shall be unlawful for "any one" or "any person" to do certain acts forbidden by Article 2B, among which are Sections 87 (b) and

117(b). To hold with appellee's contention, we must substitute the words "any one" or "any person" for the word "licenseee" or add those words to the statutes. This, the courts cannot do. If the argument of the appellee were sustained, a janitor or any employee in the premises, although not in charge and having no control over the placing of curtains over the windows or closing the bar, would be chargeable when such offenses were committed.

It was held in *People v. Tyrrell,* 277 N.Y.S. 828, that a bar tender could not be prosecuted for possession of liquor in a premises licensed to sell beer only, since the bar tender is not a "person holding a beer license" nor "beer licensee" within the statute forbidding a person holding a beer license from so doing. In *People v. Flanagan,* 275 N.Y.S. 121, it was said: "Section 3, subd. 18, of said law defines a 'licensee' as 'any person to whom a license has been issued pursuant to this chapter.' This definition admits of but one construction. It means the person to whom the license has been issued and no one else. [1, 2] There is nothing in the law (chapter 478, Laws of 1934) making any of the provisions of section 106 applicable to a person other than the licensee. Applying the general rule of law that a criminal statute must be strictly construed in favor of the defendant (*People v. Schmidt,* 221 App. Div. 77, 222 N.Y.S. 647), the complaint must be dismissed and the defendant discharged." See 48 C.J.S., Section 272, page 389.

Certainly the statutes before us do not in terms include a lessee. It was said in *State v. Magaha,* 182 Md. 122, 125, 32 A. 2d 477: "It is an established doctrine of constitutional law that a penal statute creating a new offense must set forth a reasonably acertainable standard of guilt and must be sufficiently explicit to enable a person of ordinary intelligence to ascertain with a fair degree of precision what acts it intends to prohibit, and therefore what conduct on his part will render him liable to its penalties. A statute which either commands or forbids the doing of an act in terms so vague that persons

of ordinary intelligence must necessarily guess at its meaning and differ as to its application violates the constitutional guarantee of due process of law." Cases cited. This Court has held that no man can be held guilty of violating a statute unless the act with which he is charged comes plainly within both the letter and the spirit of the statute under which he is charged. *Cearfoss v. State, supra; Mitchell v. State, supra; Smith v. Higinbothom, supra.* We are of opinion, reading each statute as an entirety, that the trial judge in this case should have directed a verdict for the appellant. As it is admitted that the appellant is not the licensee, and as we are of opinion that the statutes under which the appellant was indicted apply only to the licensee in Charles County, we see no reason to provide for a new trial.

> *Judgment reversed. Costs to be paid by the County Commissioners of Charles County.*