MONTGOMERY COUNTY, MARYLAND ET AL. *v.*
MARGARET J. LINDSAY

[No. 595, September Term, 1981.]

*Decided February 5, 1982.*

The cause was argued before THOMPSON, LOWE and LISS, JJ.

*Sue Levin, Assistant County Attorney for Montgomery County,* with whom were *Paul A. McGuckian, County Attorney for Montgomery County,* and *Martin J. Hutt, Assistant County Attorney for Montgomery County,* on the brief, for appellant Montgomery County. *Thomas D. Murphy* submitted on brief for appellant Melanie Angerman.

*David S. Goldberg* for appellee.

LISS, J., delivered the opinion of the Court.

In July of 1978, George E. Angerman, Jr., was employed by the State Department of Assessments and Taxation as a tax assessor. He was at that time and for some years prior thereto a member of the Montgomery County Employees Retirement System. On July 10, 1978, Angerman was the victim of a homicide which occurred in the garage of the building where he was employed in Rockville, Maryland.

The appellee herein, Margaret J. Lindsay, by a document entitled "Authorization to establish or change deductions," dated January 25, 1978, was designated by Angerman as the primary beneficiary of his retirement contributions. At the time of his death, Angerman was survived by Melanie Angerman, his daughter by a former marriage, one of the appellants herein. Following the death of Angerman, his former wife, Charlene S. Buckwalter, submitted a death

benefits application to the Acting Personnel Director for Montgomery County on behalf of appellant Melanie Angerman. The personnel director approved the payments of certain benefits to Angerman's daughter under the provisions of Section 33-46 (b) (2) of the Montgomery County Employees Retirement System.

On January 12, 1979, the personnel director, Marjorie J. Collum, notified the appellee that the Montgomery County Employee's Retirement Law required that a designated beneficiary was entitled to receive the member's accumulated contribution plus credited interest, unless there was a specific provision for the payment of an annuity. She also advised the appellee that in the instance of a service connected death (as this one was), the statute provided for a spouse's and child's benefit, based upon the member's final earnings. The personnel director determined that under the facts surrounding Angerman's death the minor child was eligible to receive an annuity payment. The director then concluded that even though the appellee was the member's beneficiary, she was not entitled to receive the return of the accumulated contributions plus credited interest. Appellee sued Montgomery County, the other appellant herein, by way of a declaratory judgment action and sought a declaration of the rights, duties and obligations of the parties under the Employees' Retirement System of Montgomery County. She also sought an order directing the appellant to pay appellee the accumulated contributions plus interest credited. The trial judge, after argument, concluded that the appellee, Margaret Lindsay, was entitled to receive the member's contributions and interest under the provisions of Section 33-39 (c) (2) of the Montgomery County Employees Retirement Law and that the appellant, Melanie Angerman, was not entitled to benefits under Section 33-46 of the law. From an order implementing this conclusion the within appeal was filed. The sole question raised by this appeal is:

Whether the lower court's decision that the provisions of Section 33-46 entitled "Death Benefits and Designation of Beneficiaries" do not prevail over the provisions of Section 33-39 entitled "Member Contributions and Credited Inter-

est" of the Employees Retirement System of Montgomery County, was erroneous as a matter of law:

## 1.

The issue here presented is a question of statutory interpretation. The cardinal rule of statutory construction is to ascertain and effectuate the actual intent of the Legislature. *Pennsylvania National Mutual Casualty Insurance Company v. Gartelman,* 288 Md. 151, 416 A.2d 734 (1980); *Department of State Planning v. Mayor and Council of City of Hagerstown,* 288 Md. 9, 415 A.2d 296, 299 (1980).

The Court of Appeals and this Court have enunciated several tests for determining legislative intent. The intention of the legislature must be sought in the first instance in the words of the statute. *Mauzy v. Hornbeck,* 285 Md. 84, 400 A.2d 1091 (1979); *Board of Supervisors of Election of Baltimore City v. Weiss,* 217 Md. 133, 141 A.2d 734 (1958); *Kimbrough v. Giant Food, Inc.,* 26 Md. App. 640, 339 A.2d 688 (1975). Second, the court should consider the object or purpose to be obtained by the statutes in question, and the courts should construe the law so as to carry out, effectuate, or aid in its general purposes and policies. *State v. Fabritz,* 276 Md. 416, 348 A.2d 275 (1975), *on remand,* 30 Md. App. 1, 351 A.2d 477, *cert. denied,* 425 U.S. 942, 96 Sup.Ct. 1680, 48 L.Ed.2d 185 (1976); *State Department of Assessments and Taxation v. Ellicott-Brandt, Inc.,* 237 Md. 328, 206 A.2d 131 (1965); *Cooley v. White Cross Health and Beauty Aid Discount Centers, Inc.,* 229 Md. 343, 183 A.2d 381 (1962); *Prince George's County v. Bahrami,* 33 Md. App. 644, 365 A.2d 343 (1976). Third, where a law such as the employees retirement system law has various parts, provision should be made, where possible, to give effect to all of its parts. *Thomas v. State,* 227 Md. 314, 353 A.2d 256 (1976); *Thomas v. Police Comm'r of Baltimore City,* 211 Md. 357, 127 A.2d 625 (1957); *Maguire v. State,* 192 Md. 615, 65 A.2d 299 (1949). Fourth, it is well settled that specific terms covering a given subject matter prevail over general language of the same or another statute which might otherwise prove

controlling. *Baltimore National Bank v. State Tax Commission of Maryland,* 297 U.S. 209 (1936); *United States v. Milk Distributors Association, Inc.,* 200 F. Supp. 792 (D.Md. 1961).

Fifth, the court may not disregard the natural import of the statutory language unless some imperative reason is found in the statute for enlarging or restricting its meaning. *Giant of Maryland, Inc. v. State's Attorney for Prince George's County,* 267 Md. 501, 298 A.2d 427 (1973); *Hunt v. Montgomery County,* 248 Md. 403, 237 A.2d 35 (1968); *Celanese Corporation of America v. Davis,* 186 Md. 463, 47 A.2d 379 (1946). Finally, where statutory language is plain and free from ambiguity, and expresses a definite and sensible meaning, courts are not at liberty to insert or delete words with a view toward making the statute express an intention which is different from its plain meaning. *Giant of Maryland, Inc. v. State's Attorney for Prince George's County, supra; Gatewood v. State,* 244 Md. 609, 224 A.2d 677 (1966); *Fowel v. State,* 206 Md. 101, 110 A.2d 524 (1955); *Pressman v. State Tax Commission,* 204 Md. 78, 102 A.2d 821 (1954).

The pertinent provisions of the Montgomery County Employees Retirement Law are as follows:

Section 33-39 (c). Member Contributions and Credited Interest. Return of Member Contributions.

(1) Upon termination of County service, *except by death or retirement,* each member who has not elected to vest shall be paid the full amount of accumulated contributions with credited interest less any indebtedness to the County Government or the Montgomery County Employees Federal Credit Union.

Section 33-46 (b). *Spouse's and Children's Benefits of a Member Whose Death is Service Connected.* If a member dies, while in the service of the County or participating agency on or after August 15, 1965, and satisfactory proof that death was the result of injuries sustained in the line of duty, or was directly attributable to the inherent hazards of

the duties performed by the member, is submitted, and the death was not due to willful negligence, payments effective March 1, 1974, will be made as follows:

(1) A spouse's benefit equal to twenty-five percent of the member's final earnings, but not less than two hundred fifty dollars per month until death; plus

(2) A child's benefit equal to five percent of the member's final earnings but not less than fifty dollars per month until the child reaches age twenty-one or for life if the child is disabled and incapable of self-support.

(f) *Designation of Beneficiaries.* A member may name a primary beneficiary or beneficiaries and contingent beneficiary or beneficiaries on a designation of beneficiaries form to be filed with the Personnel Office. If a member names two or more persons as beneficiaries, such persons will be considered co-beneficiaries unless the member provides otherwise. A member may change any named beneficiary by written request. The consent of the beneficiary or beneficiaries is not required to any naming or change thereof. Such request is effective when the member signs it, whether or not living at the time the request is received by the Personnel Office, but without prejudice for any payments made before the receipt of the request.

Section 33-39 (c) (2) provides in pertinent part as follows:

Upon the death of the member, unless eligible for an annuity under Section 33-46, *Death Benefits and Designation of Beneficiaries,* accumulated member contributions plus credited interest shall be paid to the designated beneficiary or beneficiaries less any indebtedness to the County Government.

It is the grammatical construction of the words "unless

eligible for an annuity" that is the source of the dispute in this case. Appellants urge an interpretation which would restate Section 33-39 (c) (2) as follows:

Upon the death of the member, unless [anyone is] eligible for an annuity under Section 33-46, *Death Benefits and Designation of Beneficiaries,* accumulated member contributions plus credited interest shall be paid to the designated beneficiary. . . .

Thus, if we adopt appellant's line of reasoning, if a spouse or a child (in this case, appellant Melanie Angerman) is eligible for an annuity under Section 33-46 (b) (2), the accumulated member contributions may not be paid to the designated beneficiary under Section 33-39 (c) (2) and/or Section 33-45 (b) (3). This, in spite of the fact that it may have been the express and unequivocal intent of the deceased George Angerman, Jr. as expressed by his designation of beneficiary that the accumulated contributions made by him be paid to his parents, his brother, his fiancee or some person or persons other than his spouse or children. In effect, appellant's interpretation would render Sections 33-39 (c) (2) and 33-45 (b) (3) meaningless. The ultimate disposition of a decedent's retirement contributions would be determined not by the deliberate act of the owner of the contributions in designating his beneficiary but by the terms of Section 33-46 (b) which applies only when an employee dies in the service of the County, a circumstance totally unforeseeable when the designation of beneficiary is made.

Appellee argues that the pertinent section should be read to mean what it logically was intended to mean, to wit:

Upon the death of the member, unless [the designated beneficiary is] eligible for an annuity under Section 33-46, *Death Benefits and Designation of Beneficiaries,* accumulated member contributions, plus credited interest shall be paid to the designated beneficiary.

The Court of Appeals, in *Schweitzer v. Brewer,* 280 Md.

430, 374 A.2d 347 (1977), had before it the task of interpreting the Maryland Motor Vehicle Law. The Court held:

> When the [legislative] intent is expressed in clear and unambiguous language, this Court will carry it out, if no constitutional guarantees are impaired. Words are granted their ordinary signification so as to construe the statute according to the natural import of the language used without resorting to subtle or forced interpretations for the purpose of extending or limiting its operation. If reasonably possible the parts of a statute are to be reconciled and harmonized, the intention as to any one part being found by reading all the parts together, and none of its words, clauses, phrases, or sentences shall be rendered surplusage or meaningless. Results that are unreasonable, illogical or inconsistent with common sense should be avoided whenever possible consistent with the statutory language. In other words, an interpretation should be given to statutory language which will not lead to absurd consequences. [280 Md. at 438-39].

The statute clearly states that when a member dies in the service of the County his accumulated contributions go to the designated beneficiary, "unless eligible for an annuity." There are three possibilities that arise from the use of this language:

(1) "unless [the member] is eligible for an annuity", or
(2) "unless [the designated beneficiary] is eligible for an annuity"; or
(3) "unless [anyone] is eligible for an annuity."

It seems apparent to us that the qualifying word "unless", which means "[e]xcept on condition that" (See American Heritage Dictionary), modifies the word preceding it, "member". The only other specific possibility would be the "designated beneficiary" which follows the term and is used in a separate thought context in a phrase set off by commas. With either interpretation in this case the payment of death bene-

fits does not preclude the designated beneficiary from the clear right to the accumulated contributions because neither she nor the deceased member is eligible for an annuity.

Only if we interpret the statute as meaning "unless [anyone] is eligible for an annuity" may we disentitle the designated beneficiary from the accumulated contributions. Nowhere do we find the slightest indication that the Council intended so broad an interpretation. The ultimate decision in this case rests not only upon statutory interpretation but upon commonly accepted general word usage. We are required to apply the "ejusdem generis rule" where a general exception follows a specific enunciation of a person or persons. In such cases the general words are not to be construed in their widest extent but are to be held as applying only to persons or things specifically mentioned. *See Levy v. American Mutual Liability Ins. Co.,* 195 Md. 537, 73 A.2d 892 (1950); *Cameron v. Frazier,* 187 Md. 368, 50 A.2d 243 (1946).

We conclude that the two sections 33-39 (c) (2) and 33-46 (b) (2) are not inconsistent, nor are they mutually exclusive. The accumulated retirement contributions represent a fixed dollar amount easily determined by reference to the contributions made by the deceased employee into his retirement program. The child's or spouse's benefit is premised upon a percentage of the deceased employee's final salary clearly labeled as an "annuity" and is in the nature of a supplemental benefit paid to an employee's wife or children for an employee whose death was "service connected." As the statute is presently drawn, if the designated beneficiary is neither a spouse nor a child, Montgomery County is required to pay *both* the annuity under Section 33-46 (b) and the accumulated contributions under Section 33-39 (c) (2). If the designated beneficiary is a spouse or child the County is obligated only for the annuity payments under Section 33-46 (b). We reach this conclusion on the basis of the oft expressed rule that "a statute shall be so interpreted as to give meaning to each of its provisions so as not to render any of them nugatory," *Rafferty v. Comptroller of the Treasury,*

228 Md. 153, 178 A.2d 896 (1962). *See also Mayor & City Council of Baltimore v. Biermann,* 187 Md. 514, 50 A.2d 804 (1947).

> *Judgment that Appellee Margaret J. Lindsay is entitled to receive accumulated member contributions plus interest affirmed, judgment that appellant Melanie Angerman is not entitled to benefits reversed and remanded for entry of judgment that she is entitled to annuity as provided under Section 33-46. Costs to be paid by Montgomery County.*