HENRY KOLB *vs.* WILLIAM A. BURKHARDT.

*Real Estate Brokers—License Requirement—Carrying on Business—Isolated Transaction.*

Neither the residence of a real estate broker, nor the location of the subject matter of his agency, is decisive as to the place of his carrying on the business, for the purpose of determining the applicability of Acts 1918, ch. 493, imposing a license requirement on those carrying on such business in Baltimore City.
p. 542

Acts 1918, ch. 493, imposing a license requirement on those carrying on the business of real estate broker in Baltimore City, does not apply to one who performs merely a single, isolated act or transaction pertaining to the business of a real estate broker, such as the sale of a farm for a reward, without any intention or attempt on his part to engage in any form of such business. pp. 543, 545

*Decided June 11th, 1925.*

Appeal from the Superior Court of Baltimore City (SOL-TER, J.).

Action by William A. Burkhardt against Henry Kolb. From a judgment for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOND, C. J., URNER, OF-FUTT and PARKE.

*Arthur W. Machen, Jr.,* and *Wendell D. Allen,* with whom were *John Henry Lewin,* and *Armstrong, Machen & Allen* on the brief, for the appellant.

*J. LeRoy Hopkins,* with whom was *William P. Cole, Jr.,* on the brief, for the appellee.

PARKE, J., delivered the opinion of the Court.

William A. Burkhardt, the appellee, has always had his residence and place of business in Baltimore County. Quite aside from the business of storekeeping in which he was engaged, he undertook to sell a farm in Baltimore County for $40,000 net to the owner, James E. Murray, of Baltimore City, and the purchaser to pay the appellee $2,000 for his commissions. He procured in Baltimore a purchaser on these terms in Henry Kolb, the appellant, who resides in Baltimore City and who is engaged there in the real estate business. The contract of purchase was also executed in Baltimore City, but nothing was inserted in reference to the commissions. Kolb denied that he was to pay the commissions, and he was sued by Burkhardt, who recovered. The only exception is on the prayers, and it is intended to present the single question of whether such a contract to pay commissions is rendered unenforceable by section 699A of the Acts of 1918, chap. 493.

Article 4 of the Public Local Laws of Maryland, title "City of Baltimore," contained certain sections, under the sub-title "Real Estate Brokers," which required those engaged in carrying on the business of real estate broker in Baltimore City to secure a license by paying a prescribed license fee under penalty of a fine. Charter of Baltimore City (1915 Ed.), pp. 367, 370. This Court held in *Coates v. Locust Point Company,* 102 Md. 291, and in *Walker v. Baldwin & Frick et al.,* 103 Md. 352, that, inasmuch as the license which was required to be obtained was a revenue measure, the failure to obtain a license did not make illegal a contract to pay commissions to an unlicensed broker, who

was, however, subject to criminal prosecution. This entire
sub-title was repealed and re-enacted by chapter 493 of Acts
of 1918. There was no material change in the original sec-
tions, except the inclusion of corporations within the scope of
the law, but two new sections, designated sections 699A and
699B, were added. Section 699A is the one under which
the appellant argues that the contract to pay commissions in
the case at bar was rendered unenforceable and void, and it
is as follows:

> "Section 699A. It shall be unlawful for any per-
> son, corporation or copartnership of persons to carry
> on the business of real estate broker in the City of
> Baltimore without first obtaining such license as is
> prescribed in section 695 of this article. Any person,
> corporation or copartnership who shall in Baltimore
> City on behalf of another for reward or remuneration
> of any kind undertake to purchase, sell, lease, mort-
> gage, exchange or deal in real estate or any interest
> therein, shall be deemed to be carrying on the business
> of real estate broker within the contemplation of this
> article. And every contract, agreement or undertak-
> ing hereafter made by any person to pay such un-
> licensed person, corporation or copartnership a com-
> mission, or other remuneration of any kind for such
> undertaking shall be unenforceable and void." (See
> section 696 for another definition.)

Under the form in which the question is presented, it is
conceded as proved that the vendee agreed to pay the agent
of the vendor his commissions for the consummated sale of
a farm in Baltimore County, and that the vendor and ven-
dee both lived in Baltimore City, where the contracts to sell
and to pay commissions were made, but that the agent, who is
a non-resident of Baltimore City, was not there or elsewhere
engaged in the business of a real estate broker, and that his
agency in the procurement of the vendee was but a single iso-
lated transaction, and so was not in the course of a regular
business carried on, or intended to be carried on, by the
agent. The appellee was neither an attorney at law nor an

officer or employee acting on behalf of a licensed corporation, nor yet an employee or member of a licensed co-partnership for whose benefit he was acting, so he was not within the express exemptions of section 700 of chapter 493 of the Acts of 1918, but the question remains whether or not he was within the purview of the statute.

1. Although either may conceivably be evidential on an issue of where the business is actually conducted, yet neither the residence of the real estate broker nor the location of the subject matter of his agency is decisive, as the real estate broker may carry on the business in Baltimore City either without residing there or without having his brokerage transactions confined to those within the territorial limits of Baltimore City. The terms of the statute do not limit its application to those only who reside in Baltimore City. Neither does it prescribe that the business contemplated is one, in whatsoever form, method or course it may assume or be conducted, that must pertain or relate to real or leasehold property which shall be situated in Baltimore City. In both sections 696 and 699-A are found definitions of what shall be deemed "carrying on the business of real estate broker," and neither these nor the other provisions of the law afford any basis for reading into the statute the exception that a real estate brokerage business may be carried on in Baltimore City without a license, if the transactions concern only real and leasehold property outside of the limits of Baltimore City.

A business may be carried on where its executive, managerial and clerical work is done, while the subject matter of its activities or the property with which its affairs and dealings are concerned may be located in another political unit. For instance, A could live in Howard County, could maintain his office in Baltimore City, where himself and his employees would transact the business of buying and selling on commission real property situated in Anne Arundel County, and A would be within the statute, as he would unquestionably be "carrying on the business of real estate

broker in Baltimore City." In other words, the location of the land and the residence of the broker are not made the determining factors in ascertaining whether or not he is subject to the terms of the law. What the law requires to be licensed is "carrying on the business" or occupation in Baltimore City, no matter where the party may reside or where the property involved may be found. 4 *Cooley on Taxation* (4th ed.), secs. 1716, 1713, 1697. See *Ward v. State,* 31 Md. 279.

2. The statute declares in section 699-A that "every contract, agreement or undertaking hereafter made by any person to pay such unlicensed person, corporation or co-partnership a commission or other remuneration of any kind for such undertaking shall be unenforceable and void." And "such unlicensed person, corporation or co-partnership" is defined by the same section to be "any person, corporation or co-partnership who shall in Baltimore City, on behalf of another, for reward or remuneration of any kind, undertake to purchase, sell, lease, mortgage, exchange or deal in real estate or any interest therein," without having first obtained the license prescribed for carrying on the business of real estate broker in Baltimore City.

It is clear that the statute is designed to impose the license tax on those only who are carrying on the business of real estate brokers in Baltimore City. And nothing can be clearer than that a single, isolated sale of a farm for a commission by a storekeeper, with no intention to engage in any manner in any other transaction with respect to any form of realty or interest therein, is not a carrying on the business of a real estate broker, and so is manifestly not within any sound construction of the statutory definition. It is unquestionably true that the statutory definition supplies the final test of those who are within the class upon which the license tax is imposed, but to ascertain its meaning the language of that portion of the statute must also be given a reasonable construction, which here simply means that if the words be susceptible of two interpretations, the construction should be

in harmony with the manifest intent of the act, and should
not lead to some absurdity, repugnancy or injustice. 4
*Cooley on Taxation* (4th ed.), 1693. Even a clause con-
taining the statutory definition of the class within the scope
of the act cannot be wrested from its context and be con-
sidered as a thing apart. The subject matter of the legisla-
tion is a tax on an occupation, which is the negation of a
single, disassociated transaction, not occurring in the course
of any trade, business or profession of the actor. A sale of
a farm for reward, with no intention to do more, and then
an end of all similar effort, does not constitute a carrying on
of a real estate brokerage business any more than one swal-
low makes a summer. Furthermore, the statutory definition
of "such unlicensed person" is not one who undertakes in
Baltimore for reward *a* purchase, *a* lease, *a* mortgage, *an*
exchange or *a* deal in real estate or any interest therein. But
this is the contention of the appellant, which makes it wholly
unnecessary for the agent to be engaged in the actual carrying
on of a real estate brokerage business, but which would, never-
theless, for a solitary act done outside of any regular occupa-
tion, deprive him of compensation and make him a crim-
inal. It is not necessary to furnish the obvious illustrations
of how unfairly, unjustly and absurdly the statute would op-
erate under such a construction, and a reading of the statute
does not support the view that this construction is the legis-
lative intent. When the statute declares in section 696 that
the carrying on the business of real estate broker is where one
"shall undertake the buying or selling of ground rents or
other real estate, or of chattels real, or the leasing of real
estate or chattels real, or the negotiation or sale of mortgage
loans on real estate or chattels real or the collection of rents
for others with a view to reward or compensation for such
undertaking," and, in section 699-A, that it is where one
"on behalf of another, for reward or remuneration of any
kind, undertakes to purchase, sell, lease, mortgage, exchange
or deal in real estate or in any interest therein," the sen-
sible and natural conclusion of the intent of the Legislature,

as gathered from the cause and necessity of the act and from a consideration of all its parts, is that these definitions are (1) an enumeration of the various forms of business activities which should be considered as included within, or as separately constituting, the business of a real estate broker, and (2) a bringing within the scope of the statute any person, corporation or co-partnership undertaking in Baltimore for a reward to carry on as a business any or all of the forms of activities specified, but that the performance by an unlicensed person of a single, isolated act or transaction, pertaining to the business of a real estate broker as defined by the statute, but unaccompanied by an intention or an attempt to engage in any form of such business, would not be sufficient to bring the unlicensed person within the denunciation of the statute.

For the reasons given there was no error in the action of the lower court on the prayers.

*Judgment affirmed, with costs to the appellee.*