STATE, USE OF ADAMS, REGISTER OF WILLS FOR HARFORD COUNTY, *v.* CADWALADER, EXECUTOR

[No. 30, September Term, 1961.]

*Decided November 16, 1961.*

*Motion for rehearing filed November 22, 1961, denied December 20, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

*Robert S. Bourbon, Assistant Attorney General,* with whom was *Thomas B. Finan, Attorney General,* on the brief, for appellant.

*Thomas F. Cadwalader,* for appellee.

MARBURY, J., delivered the opinion of the Court.

The appellant, Register of Wills of Harford County, on August 11, 1959, brought an action at law for inheritance taxes, interest, and penalty alleged to be due by reason of the death of Caroline Hall against appellee as executor of the estate of Henrietta Mitchell Smith. The appellee filed a general issue plea and a special plea of limitations, to the latter of which appellant filed a replication. The case was presented to the court upon stipulation of the facts involved and the court entered judgment for the appellee.

Briefly stated the facts are as follows: In 1938 Caroline Hall and Henrietta Mitchell Smith, who were sisters, obtained title as joint tenants in fee simple to a certain parcel of realty lying in the Third Election District of Harford County. On October 18, 1952, Caroline died, her interest passing to Henrietta by survivorship. Caroline was intestate and there has never been administration on her estate; and inheritance taxes due the State of Maryland by virtue of the survivorship of Henrietta Mitchell Smith to the property have not been paid. Henrietta Mitchell Smith died on May 26, 1958, a resident of said county, seized in fee simple of the aforesaid property, and soon thereafter appellee qualified as executor of her estate. Appellee refused to pay the inheritance tax due the register of wills by virtue of the survivorship of Henrietta Mitchell Smith to the property involved, in connection with the demise of Caroline Hall. The register of wills thereafter effected an appraisal of the value of said real estate, such appraisal having been filed with the appellant on or about May 21, 1959, fixing the value of the share of Caroline Hall in the joint property, as of the date of her death, at $10,500.00.

The appellant claimed 7½% of the appraised value, amounting to $787.50, and in addition a 25% statutory penalty as provided in Code (1957), Article 81, § 170, of $196.87, and interest running from June 21, 1959.

More than four years elapsed between the death of Caroline Hall and the appraisal of her share in the realty at the order of the register of wills, so as to assess inheritance tax thereon.

The appellee relies on Code (1957), Article 81, § 212, which provides in part:

> "All State, county or city taxes of every kind for which no other period of limitation is prescribed by this article *shall be collected within four years after they shall have become due, or else shall be utterly barred; and no such taxes shall be collected after said period; * * *"* (Emphasis supplied.)

On the other hand the State contends that inheritance taxes do not become due as provided above until there has been

and appraisal, and since no appraisal was made until May 21, 1959, the filing of this suit was well within the four year period as provided by § 212, *supra*.

The lower court determined that the inheritance tax on Caroline Hall's interest became due "either when Caroline died, on October 18, 1952, or 90 days thereafter when an administrator should have been appointed and an inventory filed as provided in Article 81, Sections 167 and 169, Annotated Code of Maryland"; thus holding that the State was barred from collecting the inheritance tax by reason of the four year limitation as provided in § 212, *supra*. From this ruling and the judgment entered pursuant thereto the appellant appeals.

The precise question presented for our determination is when do Maryland inheritance taxes become due in relation to real property owned in joint tenancy. It is one of first impression in this Court and is not entirely free from difficulty. However, the question has been considered in several opinions of the Attorney General of this State, where it was held that with respect to the taxability of jointly held real property the appraisal date constitutes the date of determination of inheritance tax. 40 O. A. G. 558, 542 (1955); 24 O. A. G. 942, 897 (1939). It was also ruled by the attorney general that limitations began to run from the appraisal date. 40 O. A. G. 544; 32 O. A. G. 431, 467 (1947). Opinions of the attorney general, though not binding on this Court, are, of course entitled to careful consideration, and they serve as important guides to those charged with the administration of the law. They frequently constitute valuable contemporaneous constructions of statutes recently enacted. We find the opinions just cited presuasive in support of the conclusions therein stated.

The general rule applicable to statutes of limitations is that they ordinarily do not apply to the State, but the legislature may make them apply if it sees fit to do so. 34 Am. Jur., *Limitation of Actions*, § 393, pp. 307, 308. Moreover, statutes of limitations which bar the collection of taxes are to be strictly construed. *United States v. Southern Lumber Co.*, (C. C. A. 8) (1931), 51 F. 2d 956, cert. denied, 284 U. S. 680; 34 Am.

Jur., *Limitation of Actions,* § 38, pp. 41, 42; Cf. *Moale v. Mayor & C. C. of Baltimore,* 61 Md. 224; *Gould v. Mayor & C. C. of Baltimore,* 58 Md. 46.

As above stated, under § 212, *supra,* the taxes (inheritance) shall be collected within four years after they shall have become due. Section 169, *supra,* provides for the filing of an inventory within ninety days after the death of a person and imposes the duty upon the person receiving such an interest or estate in property to file an inventory. Furthermore, upon the filing of an inventory the Orphans' Court must appoint at least two appraisers to value the property in question for the purpose of ascertaining the amount of taxes due and the taxes so determined at once become payable to the register of wills.

Section 170, *supra,* covers situations where no inventory is filed and no formal administration of an estate occurs. This section then imposes a duty on the register of wills of the county or city in which the inventory is filed as required by § 169 to apply for the appointment of at least two appraisers to value any real property that may come to his attention, for the purpose of determining the amount of inheritance tax due which shall become payable at once to the register of wills. This section then provides that the

> "* * * tax so ascertained to be due shall become payable at once to the register of wills, and in addition thereto the person or persons liable for the payment of said tax shall be and become liable by way of a penalty for the payment of an additional sum equal to 25% of the amount of tax so determined to be due, and for the nonpayment of said tax or the penalty, the register of wills is authorized to cause suit to be instituted in the name of the State of Maryland * * *."

Clearly then the factual situation in this case falls within the provisions of § 170, there being no formal administration nor inventory filed as provided in § 169. As was pointed out above, § 170 requires the register of wills to apply for the appointment of at least two appraisers to value any such

estate that "may" come to his attention for the purpose of determining the amount of taxes due where there is no formal administration or inventory filed.

Accordingly this last section sets forth the method used to set the tax machinery in motion after the register of wills shall have had knowledge of the death of a decedent leaving property subject to inheritance tax. It is unlikely that the legislature intended, as the appellee contends, to cast a burden on the register of wills to keep himself apprised of every death, within or without his jurisdiction, which might cause inheritances taxes to become due, whether the decedent was a resident or nonresident, or whether record title holder or not of taxable property within such jurisdiction.

In this case the register of wills apparently did not know of the death of Caroline Hall in 1952, did not gain knowledge of her death until administration was begun on the estate of Henrietta Mitchell Smith in 1958, and consequently had no reason to cause any appraisal to be made, nor the tax to be ascertained. Thus no action could have been maintained to collect the tax until the amount thereof was determined. In the absence of an appraisal the tax did not "become due" within the meaning of § 212, *supra.* Cf. *Mayor & C. C. of Baltimore v. Maryland Trust Company,* 179 Md. 546, 550, 20 A. 2d 495; *Blakistone v. State,* 117 Md. 237, 83 Atl. 151.

We think that §§ 169, 170, and 212 must be construed together to mean that the appraisal date of this real property held by joint tenants constitutes the date of determination of the inheritance tax which then became at once *due* and payable to the register of wills.

Since the appraisal was made on May 21, 1959, the tax liability of the estate of Henrietta Mitchell Smith became determined, fixed for the first time, and due, and was well within the four year period of limitations contained in § 212, which affords no protection to the appellee.

*Judgment reversed and judgment entered for appellant for $984.37, with interest from June 21, 1959; with costs.*