## FAIR LANES, INC., ET AL. *v.* COMPTROLLER OF THE TREASURY, STATE OF MARYLAND AND BOARD OF COUNTY COMMISSIONERS OF ANNE ARUNDEL COUNTY

[No. 201, September Term, 1964.]

158

*Decided June 2, 1965.*

The cause was argued before PRESCOTT, C. J., and HAMMOND, MARBURY, SYBERT and BARNES, JJ. Reargued before PRESCOTT, C. J., HAMMOND, HORNEY, MARBURY, SYBERT, OPPENHEIMER and BARNES, JJ.

*Hamilton O'Dunne* (on both arguments), with whom was *Abel J. Merrill* on the brief, for appellants.

Argued by *Joseph W. Hoy*, with whom were *Henry J. Tarantino* and *Richard N. Hambleton* on the brief, for Board of County Commissioners of Anne Arundel County, part of appellees; no brief and no appearance for Comptroller of Treasury, State of Maryland, other appellee. Reargued by *Robert J. Martineau, Assistant Attorney General*, with whom was *Thomas B. Finan, Attorney General*, on the brief, and *Bennett Crain, Jr., County Solicitor for Anne Arundel County*, for appellees.

MARBURY, J., delivered the opinion of the Court.

The appellants, Fair Lanes, Inc., Ritchie Bowling Lanes, Inc., and Southwest Bowling Lanes, Inc., are operators of bowling centers in Anne Arundel County. On March 24, 1964, they filed a bill of complaint for declaratory and injunctive relief in the Circuit Court for Anne Arundel County against the appellees, Comptroller of the Treasury, State of Maryland, and the Board of County Commissioners of Anne Arundel County, contesting the applicability to them of the Anne Arundel County admissions and amusement tax. The trial court, after taking testimony, entered an order dismissing the amended bill of complaint. That court held that Code (1957), Article 81, Section 403 (a) grants to Anne Arundel County the authority to impose a tax on the gross receipts derived from the amounts charged by appellants for bowling in their centers. Appellants appealed from the order of the lower court.

The issue here is whether the gross receipts from charges made for bowling are within the purview of the State enabling act, Section 403, as provided in the statewide taxing act, Code (1964 Cum. Supp.), Article 81, Section 402. The pertinent provisions are:

"Admissions and Amusement Tax
"§ 402. Levy and amount.
"There shall be levied, collected and paid a tax at the rate of one half of one percentum ($\frac{1}{2}\%$) of the gross receipts of every person, firm or corporation derived from the amounts charged for (1) admission to any place, whether such admission be by single ticket, season ticket or subscription, (2) admission within an

enclosure in addition to the initial charge for admission to such enclosure, (3) *the use of sporting or recreation facilities or equipment,* and (4) admission, cover charge for seats or tables, refreshment, service or merchandise at any roof garden, cabaret or other similar place where there is furnished a public performance when payment of such amounts entitles the patron thereof to be present during any portion of such performance. The term 'roof garden or other similar place' shall include any room in any hotel, restaurant, hall or other public place where music or dancing privileges or other entertainment, except mechanical music, radio or television, alone, and where no dancing is permitted, are afforded the patrons in connection with the serving or selling of food, refreshment or merchandise. (Italics supplied.)

"§ 403. Additional tax by local governments.

"(a) Authorized; rate. Any county shall be authorized by resolution to levy a tax on the gross receipts of every person, firm or corporation obtained from sources within said county but not within any incorporated city or town thereof, *derived from the amounts charged for admission or refreshment, service and merchandise* to the same extent and in the same manner as that levied by the State under the provisions of § 402; * * *. (Italics supplied.)

"(b) Collection. The tax authorized to be levied by the provisions of this section shall be collected by the Comptroller and paid in the same manner as the tax levied by the State."

The Comptroller of the Treasury, pursuant to Section 402, collects from appellants a State admissions and amusement tax of one half of one percent upon their gross receipts derived from amounts charged by them for bowling. They do not challenge the collection of this tax. However, on October 31, 1963, the Board of County Commissioners of Anne Arundel County adopted resolution 63-156 pursuant to the authority granted by Section 403. This resolution imposed an Anne Arundel County

admissions and amusement tax of three percent effective February 1, 1964. Thereafter, the Comptroller demanded that appellants pay a combined State and Anne Arundel County admissions and amusement tax of three and one-half percent of their gross receipts and since that date they have made such payments to the Comptroller but under protest as to the Anne Arundel County levy on receipts from bowling.

On this appeal, the appellants do not challenge the validity of either of the sections. However, they claim that there is a substantial and critical difference in the wording of the two sections so that their gross receipts fall within the purview of Section 402, but that their gross receipts from bowling are beyond the scope of Section 403 (a). On the other hand, appellees argue that pursuant to Section 403 (a), all activities subject to the State tax are subject to the Anne Arundel tax, and thus the County Commissioners had authority to levy a three percent tax on the appellants' total gross receipts.

The Anne Arundel County resolution, 63-156, is written in language substantially identical to that in Section 403 (a). However, a comparison of Section 402 with Section 403 (a) shows that the State exercises broader taxing powers than the legislature has authorized the counties to exercise. The State, pursuant to the specific terms of Section 402, taxes "* * * gross receipts * * * from the amounts charged for * * * the use of sporting or recreation facilities or equipment, * * *." There is no question of, nor do the appellants object to, the State's power to tax receipts derived from bowling under this section. An examination of the record discloses that appellants do not make any charge for admission into their bowling centers, but that their patrons can enter and leave their buildings without paying. A bowling participant pays a charge only upon completion of the games played. The language of Section 403 (a), "* * * admission or refreshment, service and merchandise, * * *" is not sufficiently inclusive to include bowling charges. The phraseology of the county's resolution and Section 403 is clear and unambiguous. Therefore, the plain and natural meaning should be ascribed to the words used to determine the legislative intent. *Height v. State,* 225 Md. 251, 170 A. 2d 212; *Smith v. Higinbothom,* 187 Md. 115, 48 A. 2d 754.

In his written opinion the trial judge held: "* * * that the Legislature, by using the words * * * 'to the same extent and in the same manner,' intended to authorize the local governments to tax the gross receipts obtained from all sources mentioned in Section 402 within the local jurisdiction." We do not agree and conclude his interpretation of the statutes and the resolution was in error. The State enabling act did not in its language grant the power to tax "the use of sporting or recreational facilities or equipment," but granted the power to tax receipts from "admission or refreshment, service and merchandise to the same extent and in the same manner as that levied by the State under the provisions of § 402." If the legislature had intended to grant in the enabling act the full taxing power exercised in the statewide taxing act, it could have done so. It did not. Both sections involved were passed at the same time and the failure of the legislature to delegate taxing power to the counties in the same broad language which it used in enacting the statewide act shows that the legislature did not intend to grant the same taxing power to the counties which it had enacted for the State in Section 402. In interpreting tax statutes a court must not extend their provisions by implications beyond the clear import of the language employed and where there is doubt as to such a statute's scope, it should be construed most strongly in favor of the citizen and against the state. *Comptroller v. Rockhill, Inc.*, 205 Md. 226; 107 A. 2d 93. See also *Balto. Foundry v. Comptroller*, 211 Md. 316, 127 A. 2d 368; *Comp. of Treas. v. American Can Co.*, 208 Md. 203, 117 A. 2d 559; *Magruder v. Hospelhorn*, 173 Md. 62, 194 Atl. 839.

> *Order reversed and case remanded for the passage of an order in accordance with this opinion. Costs to be paid by Anne Arundel County.*