## POHLHAUS ET AL. *v.* REGISTER OF WILLS FOR BALTIMORE CITY

[No. 67, September Term, 1967.]

*Decided February 7, 1968.*

626

[redacted]

The cause was argued before HAMMOND, C. J., and HOR-NEY, MARBURY, BARNES, FINAN and SINGLEY, JJ.

*J. M. Dryden Hall,* with whom were *Baldwin, Jarman & Norris* on the brief for appellants.

*Thomas A. Garland, Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General,* on the brief, for appellee.

SINGLEY, J., delivered the opinion of the Court.

This case comes on appeal from the Orphans' Court of Baltimore City. The appellants are the executors of the will of Henry F. Bremer, who died on 3 October 1965, leaving a will dated 7 July 1964, which was admitted to probate on 19 October 1965. By the terms of his will, Bremer left the residue of his estate to the trustees of an *inter vivos* trust which the decedent had created by deed of trust dated 22 June 1956, as amended 7 July 1964.

The deed of trust provided that income was to be paid to Bremer for life; that on Bremer's death, survived by his widow, the trust estate in the hands of the trustees, including any assets received by the trust from Bremer's estate, was to be divided into two parts: one, a marital trust; the other, a residuary trust. The deed also provided that the size of the marital trust and the assets to be allocated to it were to be determined in accordance with a formula designed to qualify the marital trust for the marital deduction permitted by Int. Rev. Code of 1954, 26 U.S.C. § 2056. At the time of Bremer's death the trust estate had a value of some $823,000.

With commendable prudence, Bremer's executors determined to delay the administration of the estate passing through probate in order to avail themselves of the option permitted by Int. Rev. Code of 1954, 26 U.S.C. § 2032, which allowed them

to choose the date of death or a date one year thereafter as the date on which the gross estate would be valued for federal estate tax purposes. Subsequent market conditions proved the executors to be right and made the optional valuation date the more advantageous for federal estate tax purposes.

It was this circumstance that caused the executors to become enmeshed in the Maryland tax statutes. The Maryland inheritance tax levied by Maryland Code (1965 Replacement Volume) Article 81, §§ 149-50 is a succession tax imposed on the right to receive property. *State v. Dalrymple,* 70 Md. 294, 17 A. 82 (1889) ; *Good Samaritan Hospital v. Dugan,* 146 Md. 374, 126 A. 85 (1924) ; *Downes v. Safe Deposit & Trust Company,* 164 Md. 293, 164 A. 874 (1933). The Code sections which implement the imposition of the inheritance tax, Maryland Code (1965 Replacement Volume) Article 81, §§ 153, 167 and 169, are cast in the alternative. Property (other than real estate or money) subject to probate is to be appraised as provided by Section 153 :

"§ 153. Tax on appraised value of personal property; sale of property to pay tax; reappraisal.

When any species of property other than money or real estate shall be subject to said tax, the tax shall be paid on the appraised value thereof as shown in the inventory filed in the office of the register of wills of the proper county or city and every executor shall have power, under the order of the orphans' court, to sell, if necessary, so much of said property as will enable him to pay said tax. At any time or times within fifteen months after the grant of letters of administration, but not thereafter, the orphans' court appointing the appraisers, upon petition of the register of wills or the executor, and for good cause shown, may direct the appraisers to reappraise and revalue the property included in the inventory and still in the hands of the executor, and return such reappraisement and revaluation in an amended inventory. In such event, the tax shall be paid on the reappraised value of such property other than money or real estate as shown in the amended inventory."

Property not subject to probate is to be appraised in the manner provided by Section 169:

> "§ 169. Duties of trustees or other person making distribution where there is no formal administration; filing inventory—In general.
>
> In all cases where estates or any interest therein pass, and there is no formal administration subject to the jurisdiction of any court, it shall be the duty of every trustee or other person making distribution of any property passing subject to the inheritance tax imposed by this subtitle, to file in the orphans' court of the county or city where the decedent had his or her residence at the time of his or her death, or in case of real estate, in the orphans' court of the county or city in which the real estate is situated, within ninety (90) days after the death of such person, a full and complete inventory of the property passing subject to the inheritance tax imposed by this subtitle and which said trustee or other person making distribution thereof is about to distribute; and in all such cases where any property passes subject to the taxes imposed by this subtitle, and there is no trustee or other person to make distribution thereof, it shall be the duty of the person receiving such estate or any interest therein, to file the inventory within the time and in the manner hereinabove provided. Upon the filing of the inventory as required by this section, the orphans' court shall appoint at least two appraisers to value the property listed in any such inventory for the purpose of determining the amount of tax due and payable hereunder; and the tax so ascertained to be due shall become payable at once to the register of wills, for the nonpayment of which he is authorized to institute suit for and on behalf of the State of Maryland in any court of competent jurisdiction."

Section 167 provides for the appraisal of real estate and for the administration of property where no administration has been commenced.

The legislative history of Section 153 indicates that prior to 1958 the interpretation given to Section 153 by this Court and by the Attorney General was that for inheritance tax purposes personal property was to be valued as of the date of distribution and not as of the date of death. This section was amended by Chapter 36 of the Laws of 1958 so as to require date of death valuation. As so amended, Section 153 also permits a reappraisal of personal property at any time within 15 months of the grant of letters upon petition for cause shown. Under such circumstances, an executor or administrator is permitted by statute to seek a reappraisal if assets have decreased in value during the period of administration or if a reappraisal is indicated to accord equality of treatment to the distributees. The 15 months' limitation has the additional advantage of permitting the administration account to be brought into conformity with the federal estate tax return if an alternate valuation is elected under Int. Rev. Code of 1954, 26 U.S.C. § 2032. Bremer's executors properly availed themselves of the reappraisal permitted by Section 153 with respect to the assets comprising the estate in probate.

The executors' difficulties (and this appeal) stem from the fact that Section 169 contains no similar provision for reappraisal. In an effort to achieve consistency of valuation for Maryland inheritance tax purposes and federal estate tax purposes, the executors sought the reappraisal as of a date one year after the death of their decedent of the assets held in the *inter vivos* trust. Their petition for reappraisal was denied by the orphans' court and this appeal was entered. The determination reached by the orphans' court was, in our view, correct, and should not have surprised the executors.[1] The simple fact is that the executors were proceeding under Section 169, which, unlike Section 153, makes no provision for reappraisal, and offers no justification for a random selection of valuation date by the trustee or other person upon whom responsibility for the filing of an inventory rests.

For the purposes of this appeal, it is unnecessary for us to

---

1. The problem had been foreseen in Page, Maryland Death Taxes, 25 Md. L. Rev. 89, 96-97 (1965).

determine whether the valuation contemplated by the statute is to be as of date of death or date of appraisal. It is apparent that in no event can it be later than the date at which the appraisers appointed by the court make their return at which time Section 169 provides that "the tax so ascertained to be due shall become payable at once to the register of wills." See *State v. Cadwalader, Executor,* 227 Md. 21, 174 A. 2d 786 (1961).

While tax statutes should be construed in favor of the citizen and against the state where there is doubt as to their scope, their provisions must not be extended to cases not plainly within the language of the statute. *McConihe v. Comptroller,* 246 Md. 271, 275, 228 A. 2d 432, 434 (1967) ; *Fair Lanes v. Comptroller,* 239 Md. 157, 210 A. 2d 821 (1965).

The appellants cannot rely on the decision in *McConihe* where the question before this Court related to the penalty which could be imposed by Maryland Code (1957) Article 81, § 170 [2] for failure to make timely compliance with the provisions of Section 167. *McConihe* interpreted §§ 167, 169 and 170, when. read together, as permitting the imposition of the § 170 penalty when there had not been a timely appraisal of real estate owned by a decedent whose estate had not been administered in a court of this state.

Taking *McConihe* and the case at bar together, we hold that Section 169 should be interpreted to mean that in all cases where estates or any interest therein pass and there is no formal administration of such estates or interests subject to the jurisdiction of a Maryland court, then the procedure for inventory, appraisal and payment of inheritance tax called for by §§ 167 and 169 should be followed. Here, the conclusion is inescapable that Section 169 was the section under which the appellants should have acted and that Section 169 does not afford the flexibility in valuation dates sought by the appellants and found only in Section 153.

At the date of Bremer's death legal title to the assets which constituted the *inter vivos* trust was vested in the trustees. The

2. This sanction had been amended by Chapter 790 of the Laws of 1965 which became effective before *McConihe* was considered by this Court.

equitable or beneficial interest passed on his death. The delay occasioned by compliance with the marital deduction formula contained in the trust instrument admittedly posed administrative and accounting problems, but the passing of the beneficial interests was in no way affected. To hold, as the appellants contend, that distribution was delayed until the termination of the federal estate tax proceeding would raise new questions as to entitlement of income between the date of death and the date of final allocation of the assets, as well as the treatment to be accorded, for inheritance tax purposes, to assets sold or acquired between the date of death and the date one year thereafter selected by the executors. Maryland has no provision comparable to that which appears in Int. Rev. Code of 1954, 26 U.S.C. § 2032, which sets out the tax treatment to be accorded assets sold or transferred.

If Section 169 is to be amended to meet the exigencies of a situation comparable to that presented by the instant case, it must be done by legislative enactment and not by judicial interpretation.

*Order affirmed, costs to be paid by appellants.*